UNITED STATES DISTRICT COURT
SOUTHER DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| CINDY SILVA, on Behalf of Herself and on Behalf of All Others Similarly Situated | § § § § | |
| | § | CIVIL ACTION NO. 3:17-cv-00173 |
| Plaintiff, | § § | |
| V. | § § § | |
| INTEC COMMUNICATIONS, LLC. | § § | JURY TRIAL DEMANDED |
| Defendant. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT
## COLLECTIVE ACTION & JURY DEMAND

1. Defendant Intec Communications, LLC ("Defendant") required Plaintiff Cindy Silva ("Plaintiff") to work more than forty hours in a workweek without overtime compensation. Defendant failed to pay Plaintiff and other similarly situated workers throughout the United States for all overtime hours worked as required under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*.

2. Defendant's conduct violates the FLSA, which requires non-exempt employees to be compensated for all hours in excess of forty in a workweek at one and one-half times their regular rates of pay. *See* 29 U.S.C. § 207(a). On behalf of herself and all other similarly situated employees, Plaintiff brings this action as a collective action under the FLSA, 29 U.S.C. § 216(b). Members of the collective action are referred to as the "Class Members."

## SUBJECT MATTER JURISDICTION AND VENUE

3. This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4. Venue is proper in this District because Defendant does a significant portion of its business in this District and many of the wrongs herein alleged occurred in this District.

## PARTIES AND PERSONAL JURISDICTION

5. Plaintiff Cindy Silva is an individual residing in Houston, Texas. Plaintiff's written consent to this action is attached hereto as Exhibit "A." Plaintiff performed work for Defendant in Galveston County within the last three years for which she did not receive the FLSA's required overtime.

6. The Class Members are all current and former technicians, and all employees in substantially similar positions, that worked for Defendant at any time during the three-year period before the filing of this Complaint.

7. Defendant Intec Communications, LLC is a Texas Limited Liability Company with its corporate headquarters located in Southlake, Texas. Defendant may be served process through its registered agent Sukhi Jolly at 1207 S. White Chapel Blvd., Suite 200, Southlake, TX 76092.

## COVERAGE

8. At all material times, Defendant has been an employer within the meaning of 3(d) of the FLSA. 29 U.S.C. § 203(d).

9. At all material times, Defendant has been an enterprise within the meaning of 3(r) of the FLSA. 29 U.S.C. § 203(r).

10. At all material times, Defendant has been an enterprise or enterprise in commerce or in the production of goods for commerce within the meaning of 3(s)(1) of the FLSA because Defendant has had and continues to have employees engaged in commerce. 29 U.S.C. § 203(s)(1).

11. Furthermore, Defendant has an annual gross business volume of not less than $500,000.

12. At all material times, Plaintiff and the Class Members were employees who engaged in commerce or in the production of goods for commerce as required by 29 USC §§ 206-207.

**FACTS**

13. Defendant Intec Communications, LLC provides residential and commercial installation of broadband cable and security systems throughout the United States.

14. Plaintiff has worked for Defendant as a cable and security installation technician since October 2015.

15. Like Plaintiff, the Class Members perform cable and security installations.

16. Plaintiff and the Class Members are manual laborers who perform the physical work of installing cable and security equipment.

17. Prior to 2017, Plaintiff and the Class Members were paid on a "piece rate" basis. That is, they were paid a set amount for each completed installation.

18. However, when they worked more than 40 hours in a week, they were not paid any overtime wages for those hours over 40.

19. Defendant's failure to pay overtime wages constitutes a black and white violation of the law.

20. Later, Defendant converted the Plaintiff and Class Members to an hourly rate of pay.

21. Unfortunately, Defendant continues to violate the law to this day.

22. Plaintiff and the Class Members "clock in" and "clock out" each day. However, Defendant arbitrarily reduces the time records for the Plaintiff and Class Members and does not pay them for all time worked.

23. That is because Defendant only pays for the time spent performing an installation for a customer. For example, if Plaintiff left the residence of one customer after completing an installation and travelled to the residence of another customer to perform an installation which the second customer cancelled, Defendant would reduce the number of hours worked by Plaintiff. Defendant only pays for the time spent working on installation jobs that are completed.

24. Defendant's policy of only paying for completed installations instead of for all work performed within the day is illegal.

25. The law is clear that after the start of the work day begins, all activity performed from the start of the work day to the end of the work day is compensable, irrespective of whether Plaintiff and the Class Members complete an installation. The law is clear that the workday begins when the Plaintiffs arrived at the designated location. The

Department of Labor's FLSA regulations provide, in pertinent part, that where the start of the workday is triggered, all activity thereafter must be counted as hours worked for purposes of the FLSA.  *See* 29 C.F.R. § 785.38.  *See, e.g., Herman v. Rich Kramer Constr., Inc.*, 163 F. 3d 602 (8th Cir. 1998); *Chao v. Akron Insulation and Supply, Inc.*, 184 Fed. Appx. 508, 510-511 (6th Cir. 2006); *Dunlop v. City Elec., Inc.*, 527 F.2d 394, 400 (5th Cir.1976); *Hodgson v. Am. Concrete Constr. Co*., 471 F.2d 1183, 1185-86 (6th Cir.1973); *Chao v. Bauerly, LLC*, 2005 WL 1923716, at * 6 (D. Minn. Aug. 11, 2005); *O'Brien v. Encotech Constr.*, No. 00-CV-1133, 2004 WL 609798 (N.D. Ill. Mar. 23, 2004); *Dole v. Enduro Plumbing*, 1990 WL 252270 (C.D. Cal. Oct. 16, 1990).

26. No exemption under the FLSA law shelters Defendant from paying overtime to Plaintiff and the Class Members.

27. As a result of Defendant's illegal pay policies, Plaintiff and the Class Members have been denied overtime pay.

28. Defendant knew, or showed reckless disregard for whether Plaintiff and the Class Members were entitled to overtime pay under the law.  In fact, Defendant knew the requirement to pay overtime to Plaintiff and Class Members but intentionally chose not to do so.

## COUNT ONE: VIOLATION OF 29 U.S.C. § 207

29. Plaintiff incorporates all allegations contained in the foregoing paragraphs.

30. Defendant's practice of failing to pay Plaintiff time-and-a-half for all hours worked in excess of forty (40) per workweek violates the FLSA.  29 U.S.C. § 207.

31. None of the exemptions provided by the FLSA regulating the duty of employers to pay overtime at a rate not less than one and one-half times the regular rate at which its employees are paid are applicable to Defendant, Plaintiff, or the Class Members.

## COLLECTIVE ACTION ALLEGATIONS

32. Plaintiff incorporates by reference the allegations in the preceding paragraphs.

33. Plaintiff has actual knowledge that Class Members have also been denied overtime pay for hours worked over forty (40) hours in a workweek as a result of Defendant's pay practices.

34. Plaintiff's knowledge is based on her personal work experience and through communications with other workers of Defendant. Plaintiff personally worked with other Class Members under the same compensation structure for Defendant.

35. Other workers similarly situated to the Plaintiff worked for Defendant throughout the United States, but were not paid overtime at the rate of one and one-half their regular rates of pay when those hours exceeded forty (40) hours in a workweek.

36. Although Defendant permitted and/or required Class Members to work in excess of forty (40) hours in a workweek, Defendant denied them full compensation for their hours worked over forty (40).

37. Class Members perform or have performed the same or similar work as Plaintiff and were subjected to the same illegal pay practices by Defendant.

38. Class Members are not exempt from receiving overtime pay under the FLSA.

39. As such, Class Members are similar to Plaintiff in terms of relevant job duties, pay structure, and/or the denial of overtime pay.

40. Defendant's failure to pay overtime compensation at the rate required by the FLSA results from generally applicable policies or practices, and does not depend on the personal circumstances of any Class Member.

41. The experiences of Plaintiff, with respect to her pay, hours, and duties are typical of the experiences of the Class Members.

42. The specific job titles or precise job responsibilities of each Class Member does not prevent collective treatment.

43. All Class Members, irrespective of their particular job requirements, are entitled to overtime compensation for hours worked in excess of forty (40) in a workweek.

44. Although the exact amount of damages may vary among the Class Members, the damages for the Class Members can be easily calculated by a simple formula. The claims of all Class Members arise from a common nucleus of facts. Liability is based on a systematic course of wrongful conduct by Defendant that caused harm to all Class Members.

45. As such, the class of similarly situated Plaintiffs for the FLSA Class is properly defined as follows:

> All current and former technicians, and all employees with substantially similar duties, who worked for Defendant at any time during the three-year period before the filing of this Complaint.

## JURY DEMAND

46. Plaintiff and Class Members hereby demand trial by jury on all issues.

## PRAYER

47. For these reasons, Plaintiff prays for:

   a. An order designating the FLSA Class as a collective action and authorizing notice pursuant to 29 U.S.C. § 216(b) to all technicians and all employees in substantially similar positions, to permit them to join this action by filing a written notice of consent;

   b. A judgment against Defendant awarding Plaintiff and the Class Members all their unpaid overtime compensation and liquidated damages;

   c. An order awarding attorneys' fees and costs;

   d. Such other and further relief as may be necessary and appropriate.

Respectfully submitted,

KENNEDY HODGES, L.L.P.

By: /s/ Don J. Foty
Don J. Foty
DFoty@kennedyhodges.com
Texas State Bar No. 24050022
Federal Bar No. 711552
4409 Montrose Blvd., Suite 200
Houston, TX 77006
Telephone: (713) 523-0001
Facsimile: (713) 523-1116

ATTORNEYS FOR PLAINTIFF AND CLASS MEMBERS