Brett Field
State Bar No. 24050596
STROMBERG STOCK, P.L.L.C.
8750 North Central Expressway, Suite 625
Dallas, Texas 75231
Telephone: (972) 458-5353
Facsimile: (972) 861-5339
E-mail: Brett@strombergstock.com
*Attorney for Defendant, Intec Communications, LLC*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| **CINDY SILVA, on Behalf of Herself and on Behalf of All Others similarly situated,** § § § § | |
| Plaintiff, § | CASE NO. 3:17-cv-00173 |
| § § | |
| v. § § | |
| **INTEC COMMUNICATIONS, LLC,** § § | |
| Defendants. § | |

## INTEC COMMUNICATIONS, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT

Comes Now, Defendant **INTEC COMMUNICATIONS, LLC** ("Intec") and files this Answer to the Complaint filed by Plaintiff Cindy Silva and those similarly situated ("Plaintiff") and respectfully shows the Court the following:

1. Intec denies the allegations in paragraph 1.

2. Intec denies the allegations in paragraph 2.

3. Intec admits the allegations in paragraph 3.

4. Intec admits the allegations as to Venue in Paragraph 4, but denies that any "wrongs" occurred.

5. Intec admits that Plaintiff worked for it within the last three years, cannot admit or deny where Plaintiff now resides and denies the remaining allegations in paragraph 5.

6. Intec is unable to admit or deny the allegations in paragraph 6 at this time.

7. Intec admits the allegations in paragraph 7.

8. Intec admits the allegations in paragraph 8.

9. Intec admits the allegations in paragraph 9.

10. Intec admits the allegations in paragraph 10.

11. Intec admits the allegations in paragraph 11.

12. Intec cannot admit or deny the allegations of paragraph 12 at this time.

13. Intec admits the allegations in paragraph 13.

14. Intec admits the allegations of Paragraph 14.

15. Intec cannot admit or deny the allegations in paragraph 15.

16. Intec cannot admit or deny the allegations in paragraph 16.

17. Intec admits that prior to July of 2016, employees were paid by the job. Intec denies that employees were paid by the job after July of 2016.

18. Intec denies that it has not paid employees for overtime pay.

19. Intec denies the allegations in Paragraph 19.

20. Intec admits that all employees were converted to an hourly pay system which required the employees to clock in and out as of July, 2016.

21. Intec denies the allegation in paragraph 21.

22. Intec admits that Plaintiff and potential class members "clock in" and "clock out" every day, but denies the remaining allegations in paragraph 22.

23. Intec denies the allegations in paragraph 23.

24. The allegations in paragraph 24 do not require an admission or a denial.

25. Intec cannot admit or deny the allegations in paragraph 25 at this time.

26. Intec cannot admit or deny the allegations in paragraph 26 at this time.

27. Intec denies the allegations in paragraph 27.

28. Intec denies the allegations in paragraph 28.

29. The allegations in paragraph 29 do not require a response.

30. Intec denies the allegations in paragraph 30 in that it denies it failed to pay overtime.

31. Intec cannot admit or deny the allegations in paragraph 31 at this time.

32. The allegations in paragraph 32 do not require an admission or a denial.

33. Intec cannot admit or deny the allegations in paragraph 33.

34. Intec cannot admit or deny the allegations in paragraph 34.

35. Intec denies the allegations in paragraph 35.

36. Intec denies the allegations in paragraph 36.

37. Intec denies it performed illegal pay practices and cannot admit or deny the remaining allegations in Paragraph 37.

38. Intec cannot admit or deny the allegations in paragraph 38.

39. Intec cannot admit or deny the allegations in paragraph 39.

40. Intec denies that it failed to pay overtime as required by the FLSA and cannot admit or deny the remaining allegations in paragraph 40.

41. Intec cannot admit or deny the allegations in paragraph 41.

42. Intec denies the allegations in paragraph 42.

43. Intec denies the allegations in paragraph 43.

44. Intec cannot admit or deny the allegations in paragraph 44.

45. The allegations in paragraph 45 do not require a response.

46. The allegation in paragraph 46 does not require a response.

47. The allegations in paragraph 47 do not require a response.

48. As AFFIRMATIVE DEFENSES, Intec shows the Court that:

a) Plaintiff has failed to meet the requirements of FED. R. CIV. P. 23 for class certification;

b) Intec's conduct was not will full as it operated in good faith and in conformity with orders, rulings, regulations or interpretations of the Wage and Hour Division of the U.S. Department of Labor as it paid all of its employees over time pay for work in excess of forty (40) hours per week and did not employ the Plaintiff;

c) Intec operated in good faith and has reasonable grounds to believe it has not and is not violating FLSA as all Intec employees are paid overtime pay when they work in excess of forth (40) hours per week;

d) Intec asserts that Plaintiff failed to mitigate her damages by making a demand or request to Intec prior to filing this lawsuit; and,

e) Intec reserves the right to rely on other affirmative defenses as they become available.

Respectfully submitted,

STROMBERG STOCK, PLLC

By: /s/ Brett Field
BRETT S. FIELD
State Bar No. 24050596
8750 North Central Expy, Suite 625
Dallas, Texas  75231
Telephone: (972) 458-5353
Facsimile:  (972) 861-5339
E-mail:   Brett@strombergstock.com
**ATTORNEY FOR DEFENDANT INTEC COMMUNICATIONS, LLC**

## CERTIFICATE OF SERVICE

      This is to certify that a true and correct copy of the foregoing instrument was served upon counsel for Plaintiff, and upon all counsel of record, by U. S. First Class Mail, postage prepaid and by ECF on this the 11th day of July, 2017.

Don J. Foty
Kennedy Hodges, LLP
4409 Montrose Blvd., Suite 200
Houston, TX 77006
DFoty@kennedyhodges.com
*Counsel for Plaintiff and Class Members*

Brett Field